UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation,

    *Plaintiff,*

v.

JAMES E. HAMILTON, a resident and citizen of Massachusetts, RICHARD M. PERLMAN, a resident and citizen of Massachusetts, and CREATIVE PACKAGING, INC., a Massachusetts corporation,

    *Defendants.*

03cv12429 MLW

CIVIL ACTION No.: 03-_____

## COMPLAINT

NOW COMES Plaintiff, General Electric Capital Corporation, a Delaware corporation ("GE Capital"), by and through its attorneys, and states, as its Complaint against Defendants, James E. Hamilton, a resident and citizen of Massachusetts ("Hamilton"), Richard M. Perlman, a resident and citizen of Massachusetts ("Perlman"), and Creative Packaging, Inc., a Massachusetts corporation ("Creative Packaging"), as follows:

### INTRODUCTION

This is an action to enforce three Guaranty Agreements, separately executed by each of Hamilton, Perlman, and Creative Packaging, and in favor of Charter Financial, Inc. ("Charter Financial"). Under these three Guaranty Agreements, Hamilton, Perlman, and Creative Packaging each guaranteed the payment by and performance of Creative Paper, Inc. a Massachusetts corporation ("Creative Paper"), under various equipment

~BOST1:289066.v1 |11/21/03
22820204-4122

loans and other agreements between Creative Paper and Charter Financing. GE Capital purchased a participation interest in the equipment loans and is the fiscal agent responsible for servicing the loans and enforcing the loan agreements and guaranty agreements.

Creative Paper is in default under the loans and other agreements for nonpayment. Moreover, on or about October 13, 2003, Creative Paper filed for protection under Chapter 11 of the United States Bankruptcy Code. Accordingly, by the terms of the Guaranty Agreements, all obligations of Creative Paper to GE Capital are now due and payable by Hamilton, Perlman, and Creative Packaging without notice. No such payment has been made.

## PARTIES

1. GE Capital is a corporation organized under the laws of Delaware, with its principal place of business in Connecticut.

2. Hamilton is an individual who is a resident and citizen of Massachusetts, residing at 23 Annie Moor Road, Bolton, Massachusetts.

3. Perlman is an individual who is a resident and citizen of Massachusetts, residing at 275 Country Club Road, Newton, Massachusetts.

4. Creative Packaging is a Massachusetts corporation with its principal place of business located at 175 James Street, Worcester, Massachusetts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 11 U.S.C. § 1332, as there is complete diversity between GE Capital and each of Hamilton, Perlman, and Creative Packaging and the amount in controversy exceeds $75,000, exclusive of costs or interest.

6. Venue is proper in this Court under and pursuant to 28 U.S.C. § 1391, as (1) Hamilton, Perlman, and Creative Packaging each resides in this judicial district and are all residents of this judicial district, and (2) a substantial part of the events giving rise to the claim occurred in this judicial district.

### BACKROUND

7. On or about November 18, 1999, Creative Paper, an affiliate of Creative Packaging, entered into the following agreements with Wentworth Capital, a division of Charter Financial: Master Loan and Security Agreement No. 4366 dated October 29, 1999; Loan Schedule 01 to the Master Loan and Security Agreement No. 4366, and various related agreements. On or about December 24, 1999, Creative Paper and Charter entered into a Financial Loan Schedule 02 to the Master Loan Agreement and Security Agreement No. 4366. The Master Loan and Security Agreement, Loan Schedule 01, Amendment to Loan Schedule 01, and Loan Schedule 02 and various related agreements are referred to herein as the "Loan Documents." True and correct copies of the Master Loan and Security Agreement, Loan Schedule 01, Amendment to Loan Schedule 01 and Loan Schedule 02 are attached hereto as Exhibits A, B, C, and D.

8. Pursuant to the Loan Documents, Charter Financial extended equipment financing to Creative Paper in the principal amount of $6,500,000.00 under Loan Schedule 01, and $1,000,000 under Loan Schedule 02. Creative Paper agreed, among other things, to repay the loan through eighty-four (84) monthly installment payments of principal and interest, beginning on November 15, 1999.

9. To induce Charter Financial to enter into the Loan Documents and extend the equipment financing, Hamilton, Perlman, and Creative Packaging each executed an

3

unconditional, absolute guaranty of the payment and performance by Creative Paper of all amounts due under the Loan Documents.

10.     On or about October 29, 1999, Hamilton executed a Guaranty Agreement with Charter Financial (the "Hamilton Guaranty"). A true and correct copy of the Hamilton Guaranty is attached hereto as <u>Exhibit E</u>. Charter Financial accepted the Hamilton Guaranty on or about November 18, 1999, Hamilton was notified of this acceptance within a reasonable period thereafter, and, in any event, Hamilton knew or should have known of the acceptance.

11.     On or about October 29, 1999, Perlman executed a Guaranty Agreement with Charter Financial (the "Perlman Guaranty"). A true and correct copy of the Perlman Guaranty is attached hereto as <u>Exhibit F</u>. Charter Financial accepted the Perlman Guaranty on or about November 18, 1999, Perlman was notified of this acceptance within a reasonable period thereafter, and, in any event, Perlman knew or should have known of the acceptance.

12.     On or about October 29, 1999, Creative Packaging executed a Guaranty Agreement with Charter Financial (the "Creative Packaging Guaranty"). A true and correct copy of the Creative Packaging Guaranty is attached hereto as <u>Exhibit G</u>. Charter Financial accepted the Creative Packaging Guaranty on or about November 18, 1999, Creative Packaging was notified of this acceptance within a reasonable period thereafter, and, in any event, Creative Packaging knew or should have known of the acceptance. Hereinafter, the Hamilton Guaranty, the Perlman Guaranty, and the Creative Packaging Guaranty are from time to time referred to collectively as the "Guaranties."

~BOST1:289066.v1 |11/21/03
22820204-4122

13. The Guaranties are absolute and unconditional. The Guaranties guarantee payment and performance, and not merely collectibility, of Creative Paper under the terms of the Loan Documents. The Guaranties are in no way conditioned or contingent upon any attempt to collect from Creative Paper or any other person, entity, or guarantor.

14. Pursuant to Section 4 of the Guaranties, each Guarantor expressly waived *inter alia* "all notices which may be required by statute, rule of law or otherwise to preserve any rights of Obligee against [Creative Paper] or Guarantor, including without limitation, notice of presentment and protest to, and demand and payment from, [Creative Paper] or Guarantor."

15. Pursuant to Section 2 of the Guaranties, each Guarantor agreed to "pay all costs and expenses incurred by or on behalf of Obligee (including, without limitation, reasonable attorneys' fees and expenses) in enforcing the obligations of Guarantor hereunder, and the obligations of [Creative Paper]."

16. On or about November 19, 2001, GE Capital purchased a participation interest in the Loan Documents and the Guaranties, pursuant to a Participation Agreement between Charter Financial and GE Capital.

17. On or about December 7, 2001, GE Capital exercised certain of its rights under the Participation Agreement and became Fiscal Agent for all participants in the loan described in the Loan Documents. By the terms of the Participation Agreement, GE Capital, as Fiscal Agent, is responsible for among other things administration of the Loan Documents and the Guaranties, collection of all sums payable under the Loan Documents and the Guaranties, and enforcement of the Loan Documents and the Guaranties.

~BOST1:289066.v1 |11/21/03
22820204-4122

18. GE Capital and the other obligees under the Loan Documents and Guaranties have complied with the Loan Documents and the Guaranties, and have substantially satisfied any and all conditions and obligations required by them thereunder.

19. Creative Paper is in default under the Loan Documents for failure to pay the amounts due and owing thereunder. Specifically, Creative Paper has failed to pay the sums due and owing under Loan Schedule 01 on August 15, 2003 and Creative Paper has failed to pay the sums due and owing under Loan Schedule 02 on September 25, 2003, and have failed to make any payments since that point in time. On October 1, 2003, GE Capital notified Creative Paper that an Event of Default had occurred and GE Capital demanded immediate payment in full of all amounts due and owing under the Loan Agreements.

20. In addition, on or about October 13, 2003, Creative Paper filed a petition for protection under Chapter 11 of the United States Bankruptcy Code.

21. By the terms of the Loan Documents, all amounts due to GE Capital and the other obligees by Creative Paper under the Loan Documents were accelerated and immediately due and payable without notice at the time Creative Paper defaulted under the Loan Documents by failing to make timely payments and/or by filing for bankruptcy.

22. Section 7 of the Guaranties provides as follows:

> [I]f a petition in bankruptcy or any insolvency, liquidation, reorganization, arrangement, readjustment, composition, dissolution or other similar proceeding shall be filed or commenced by, against or in respect of [Creative Paper], or if an order for relief shall be entered in respect of [Creative Paper] or Guarantor in any case under the Bankruptcy Code, the obligations of Guarantor hereunder shall remain in full force and effect; and any and all obligations of [Creative Paper] and Guarantor to Obligee shall, at the option of Obligee, forthwith become due and payable without notice.

23. As of October 13, 2003, after acceleration as expressly provided for by the Loan Documents, Creative Paper owed approximately $4,153,801 under the Loan Documents (the "Current Obligation"), exclusive of fees.

## COUNT I

24. GE Capital incorporates and restates the allegations of Paragraphs 1-23 above.

25. Under the Loan Documents, Creative Paper agreed to pay GE Capital, or its predecessors-in-interest, all outstanding amounts due under the Loan Documents.

26. Creative Paper is in default under the terms of the Loan Documents.

27. By the terms of the Loan Documents, all amounts due by Creative Paper under the Loan Documents have been accelerated and are immediately due and payable. No such payment has been made.

28. The Current Obligation has not been paid and Creative Paper is in default under the Loan Documents.

29. Hamilton guaranteed in writing the performance and payment of, among other things, the Current Obligation, as well as all costs and expenses incurred by or on behalf of GE Capital and other obligees in enforcing the obligations under the Hamilton Guaranty and the Loan Documents, including reasonable attorneys' fees and expenses.

30. By the terms of the Hamilton Guaranty, all obligations of Creative Paper under the Loan Documents are now due and payable by Hamilton without notice. No such payment has been made.

31. As a result of Hamilton's failure to pay all amounts due under the Loan Documents and the Hamilton Guaranty, GE Capital has been damaged.

32. Hamilton in the Hamilton Guaranty has expressly and conspicuously waived his right to trial by jury on the claims asserted in this Count I.

### PRAYER

WHEREFORE, GE Capital respectfully requests that the Court grant the following relief:

A. enter judgment in favor of GE Capital and against Hamilton in the amount of the Current Obligation;

B. award GE Capital its damages, including all interest to which it is entitled under law;

C. award GE Capital its reasonable attorneys' fees, costs, and other expenses; and

D. grant such other relief as is just and appropriate.

### COUNT II

33. GE Capital incorporates and restates the allegations of Paragraphs 1-32 above.

34. Under the Loan Documents, Creative Paper agreed to pay GE Capital, or its predecessors-in-interest, all outstanding amounts due under the Loan Documents.

35. Creative Paper is in default under the terms of the Loan Documents.

36. By the terms of the Loan Documents, all amounts due by Creative Paper under the Loan Documents have been accelerated and are immediately due and payable. No such payment has been made.

37. The Current Obligation has not been paid and Creative Paper is in default under the Loan Documents.

38. Perlman guaranteed in writing the performance and payment of, among other things, the Current Obligation, as well as all costs and expenses incurred by or on behalf of GE Capital and other Obligees in enforcing the obligations under the Perlman Guaranty and the Loan Documents, including reasonable attorneys' fees and expenses.

39. By the terms of the Perlman Guaranty, all obligations of Creative Paper under the Loan Documents are now due and payable by Perlman without notice. No such payment has been made.

40. As a result of Perlman's failure to pay all amounts due under the Loan Documents and the Perlman Guaranty, GE Capital has been damaged.

41. Perlman in the Perlman Guaranty has expressly and conspicuously waived his right to trial by jury on the claims asserted in this Count II.

## PRAYER

WHEREFORE, GE Capital respectfully requests that the Court grant the following relief:

A. enter judgment in favor of GE Capital and against Perlman in the amount of the Current Obligation;

B. award GE Capital its damages, including all interest to which it is entitled under law;

C. award GE Capital its reasonable attorneys' fees, costs, and other expenses; and

D. grant such other relief as is just and appropriate.

## COUNT III

42. GE Capital incorporates and restates the allegations of Paragraphs 1-41 above.

43. Under the Loan Documents, Creative Paper agreed to pay GE Capital, or its predecessors-in-interest, all outstanding amounts due under the Loan Documents.

44. Creative Paper is in default under the terms of the Loan Documents.

45. By the terms of the Loan Documents, all amounts due by Creative Paper under the Loan Documents have been accelerated and are immediately due and payable. No such payment has been made.

46. The Current Obligation has not been paid and Creative Paper is in default under the Loan Documents.

47. Creative Packaging guaranteed in writing the performance and payment of, among other things, the Current Obligation, as well as all costs and expenses incurred by or on behalf of GE Capital and other obligees in enforcing the obligations under the Creative Packaging Guaranty and the Loan Documents, including reasonable attorneys' fees and expenses.

48. By the terms of the Creative Packaging Guaranty, all obligations of Creative Paper under the Loan Documents are now due and payable by Creative Packaging without notice. No such payment has been made.

49. As a result of Creative Packaging's failure to pay all amounts due under the Loan Documents and the Creative Packaging Guaranty, GE Capital has been damaged.

50. Creative Packaging in the Creative Packaging Guaranty has expressly and conspicuously waived its right to trial by jury on the claims asserted in this Count III.

## **PRAYER**

WHEREFORE, GE Capital respectfully requests that the Court grant the following relief:

A. enter judgment in favor of GE Capital and against Creative Packaging in the amount of the Current Obligation;

B. award GE Capital its damages, including all interest to which it is entitled under law;

C. award GE Capital its reasonable attorneys' fees, costs, and other expenses; and

D. grant such other relief as is just and appropriate.

GENERAL ELECTRIC
CAPITAL CORPORATION,
a Delaware corporation

By its attorneys,

_____
C. Dylan Sanders (BBO #630668)
Steven J. Buttacavoli (BBO #651440)

PIPER RUDNICK LLP
One International Place, 21st Floor
100 Oliver Street
Boston, MA  02110-2600
(617) 406-6000 (*telephone*)
(617) 406-6100 (*fax*)

Dated: November 21, 2003