# Piper Rudnick

One International Place, 21st Floor
Boston, Massachusetts 02110-2613
main 617.406.6000  fax 617.406.6100

**C. DYLAN SANDERS**
*Direct Dial: 617-406-6016*
*Direct Fax: 617-406-6116*
*dylan.sanders@piperrudnick.com*

June 29, 2004

**By Hand**

The Honorable Judith G. Dein
United States District Court
   for the District of Massachusetts
United States Courthouse, Suite 6410
One Courthouse Way
Boston, MA  02210

Attention of Mr. Thomas Quinn
           Courtroom Clerk

   Re:   *General Electric Capital Corporation v. James E. Hamilton, et al.*
          United States District Court for the District of Massachusetts
          Civil Action No.: 03-CV-12429-MLW

Dear Judge Dein:

   At the oral argument held in front of Your Honor on June 14, 2004, the Court instructed the plaintiff to report back to the Court and the parties. Mr. Thomas Quinn subsequently instructed the plaintiff to do so by letter, to his attention.

   As Your Honor will recall, at oral argument the parties did not agree on the interest rates that were or should have been used in the two loans advanced by Charter Financial to Creative Paper, the first in November 1999 and the second in December 1999. The parties agreed to exchange additional information about the interest rates used to see if there was any genuine dispute. After discussion and an exchange of information, the parties have not agreed on the interest rates that were or should have been used for these two loans.

   GE Capital understands that defendants, in opposition to GE Capital's Motion for Summary Judgment, intend to file a supplemental affidavit of Mr. David Porter offering his testimony about the interest rates used in the November 1999 loan (Loan Schedule 01) and December 1999 loan (Loan Schedule 02), as well as his testimony about what rates should have

~BOST1:303851.v1
22820204-4122

*Piper Rudnick LLP*

# Piper Rudnick

The Honorable Judith G. Dein
June 29, 2004
Page 2

been used. While GE Capital has not at the time of this letter seen Mr. Porter's supplemental affidavit, GE Capital's position is that any dispute among the parties about the interest rates that were or should have been used in the loans is immaterial to GE Capital's Motion for Summary Judgment, for the reasons set out in GE Capital's principal memorandum:

(1) Creative Paper promised to repay the loans by making the eighty-four (84) monthly payments agreed to in Loan Schedule 01, as amended, and Loan Schedule 02, and neither the Loan Schedules nor Master Loan and Security Agreements, all integrated agreements, contain a representation by Charter about a particular interest rate.

(2) If there was an error in the calculation of the monthly payment due (either because the wrong interest rate was used or for any other reason) and that error has given rise to some sort of claim, this is a claim that would belong to Creative Paper, Inc. (and now, its estate) and not the defendant guarantors.

(3) By executing the unconditional, absolute guaranties, the guarantors have waived their right to assert any claim that the Loan Agreement or the Loan Schedules should be rescinded, reformed or voided. *See Citibank v. Plapinger*, 485 N.E.2d 974 (N.Y. 1985).

(4) If an incorrect interest rate was used, Creative Paper waived any right to seek rescission or reformation by failing to bring such a claim with reasonable promptness and by accepting the benefits of an agreement that the guarantors now want to rescind and/or reform.

Respectfully submitted,

C. Dylan Sanders (btj)

C. Dylan Sanders

CDS:btj

cc:   David Burgess, Esq. (By First Class Mail)

~BOST1:303851.v1
22820204-4122