UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

GENERAL ELECTRIC CAPITAL
CORPORATION,

Plaintiff,

v.

JAMES E. HAMILTON, RICHARD M.
PERLMAN, and CREATIVE
PACKAGING, INC.

Defendants.

CIVIL ACTION NO. 03-CV-12429-MLW

DEFENDANTS' AMENDED ANSWER,
COUNTERCLAIM AND JURY TRIAL DEMAND

ANSWER

Defendants James E. Hamilton, Richard R. Perlman and Creative Packaging, Inc.

("Packaging") respond to the First Amended Complaint ("Complaint") as follows:

First Defense

In response to the introductory paragraphs of the Complaint, defendants admit

that they are residents of Massachusetts, admit that this action concerns guaranty

agreements and a personal property lease, admit that Creative Paper, Inc. filed for

protection under the United States Bankruptcy Code on or about October 13, 2003, and

state that the remaining averments of the introductory paragraphs are legal conclusions to

which no response is required.

In response to the numbered averments of the Complaint, defendants:

1.      Lack information sufficient to form a belief as to the truth of the

averments of paragraph 1 except admit and that GE Capital is a corporation.

2.      Admit the averments of paragraph 2.

3.      Admit the averments of paragraph 3.

4.      Admit the averments of paragraph 4.

5.      State that the averments of paragraph 5 are legal conclusions to which no response is required.

6.      State that the averments of paragraph 6 are legal conclusions to which no response is required.

7.      Admit that copies of the documents referred to in paragraph 7 are attached as exhibits to the Complaint and state that the remaining averments of paragraph 7 are conclusions of law to which no response is required.

8.      State that the averments of paragraph 8 are conclusions of law to which no response is required and that the documents referred to in that paragraph speak for themselves.

9.      State that the averments of paragraph 9 are conclusions of law to which no response is required, that the documents referred to in that paragraph speak for themselves and, to the extent a further response may be required, deny the averments paragraph 9.

10.      Admit the averments of the first and second sentences of paragraph 10, and state that the third sentence contains conclusions of law to which no response is required, and as to those averments that may require a response, deny those averments.

11.      Admit the averments of the first and second sentences of paragraph 11, and state that the third sentence contains conclusions of law to which no response is required, and as to those averments that may require a response, deny those averments.

12.      Admit the averments of the first and second sentences of paragraph 12, state that the third sentence contains conclusions of law to which no response is required, and as to those averments that may require a response, deny those averments.

13.     State that the averments of paragraph 13 are conclusions of law to which no response is required.

14.     State that the averments of paragraph 14 are conclusions of law to which no response is required.

15.     State that the averments of paragraph 15 are conclusions of law to which no response is required.

16.     Lack information sufficient to form a belief as to the truth of the averments of paragraph 16.

17.     State that the averments of paragraph 17 are conclusions of law to which no response is required.

18.     State that the averments of paragraph 18 are conclusions of law to which no response is required.

19.     Admit that Creative Paper has made no payments since September 25, 2003 and that GE Capital sent a notice to Creative Paper in October 2003, which document speaks for itself, and state that the remaining averments of paragraph 19 are conclusions of law to which no response is required.

20.     Admit the averments of paragraph 20.

21.     State that the averments of paragraph 21 are conclusions of law to which no response is required.

22.     State that the documents referred to in paragraph 22 speak for themselves.

23.     State that the averments of paragraph 23 are legal conclusions to which no response is required.

24.     Incorporate by reference their responses paragraphs 1 to 23 of the
Complaint.

25.     State that the averments of paragraph 25 are conclusions of law to which
no response is required.

26.     State that the averments of paragraph 26 are conclusions of law to which
no response is required.

27.     State that the averments of paragraph 27 are conclusions of law to which
no response is required.

28.     Admit that what the complaint refers to as the "Current Obligation" has
not been paid and state that the remaining averments of paragraph 28 are conclusions of
law to which no response is required.

29.     State that the averments of paragraph 29 are conclusions of law to which
no response is required and that the document referred to in that paragraph speaks for
itself.

30.     State that the averments of paragraph 30 are conclusions of law to which
no response is required and that the document referred to in that paragraph speaks for
itself.

31.     State that the averments of paragraph 31 are conclusions of law to which
no response is required and, to the extent a response may be required, deny those
averments.

32.     State that the averments of paragraph 30 are conclusions of law to which
no response is required and that the document referred to in that paragraph speaks for
itself.

33.    Incorporate by reference their responses paragraphs 1 to 32 of the Complaint.

34.    State that the averments of paragraph 34 are conclusions of law to which no response is required and that the document referred to in that paragraph speaks for itself.

35.    State that the averments of paragraph 35 are conclusions of law to which no response is required.

36.    State that the averments of paragraph 36 are conclusions of law to which no response is required and that the document referred to in that paragraph speaks for itself.

37.    Admit that what the complaint refers to as the "Current Obligation" has not been paid and state that the remaining averments of paragraph 37 are conclusions of law to which no response is required.

38.    State that the averments of paragraph 38 are conclusions of law to which no response is required.

39.    State that the averments of paragraph 39 are conclusions of law to which no response is required.

40.    State that the averments of paragraph 40 are conclusions of law to which no response is required and, to the extent a response may be required, deny those averments.

41.    State that the averments of paragraph 41 are conclusions law to which no response is required.

42.    Incorporate by reference their responses paragraphs 1 to 41 of the Complaint.

43.    State that the averments of paragraph 43 are conclusions of law to which no response is required.

44.    State that the averments of paragraph 44 are conclusions of law to which no response is required.

45.    State that the averments of paragraph 45 are conclusions of law to which no response is required.

46.    Admit that what the complaint refers to as the "Current Obligation" has not been paid and state that the remaining averments of paragraph 46 are conclusions of law to which no response is required.

47.    State that the averments of paragraph 47 are conclusions of law to which no response is required.

48.    State that the averments of paragraph 48 are conclusions of law to which no response is required.

49.    State that the averments of paragraph 49 are conclusions of law to which no response is required and, to the extent a response may be required, deny those averments.

50.    State that the averments of paragraph 50 are conclusions of law to which no response is required.

51.    Incorporate by reference their responses paragraphs 1 to 50 of the Complaint.

52.     Admit that a document entitled Personal Property Lease Agreement is attached as Exhibit H to the Complaint, which document speaks for itself, and state that the remaining averments of that paragraph are conclusions of law to which no response is required.

53.     State that the averments of paragraph 53 of the Complaint are conclusions of law to which no response is required.

54.     Admit that Creative Packaging made no September 2003 payment and state that the remaining averments of paragraph 54 of the Complaint are conclusions of law to which no response is required.

55.     Admit that no payment has been made since September 2003 and that Creative Packaging retains possession of certain equipment, and state that the remaining averments of paragraph 55 of the Complaint are conclusions of law to which no response is required.

56.     State that the averments of paragraph 56 are conclusions of law to which no response is required and, to the extent a response may be required, deny those averments.

<u>Second Defense</u>

The Complaint fails to state a claim upon which relief may be granted.

<u>Third Defense</u>

Plaintiff's claims are barred in whole or part by the doctrine of waiver and/or estoppel.

<u>Fourth Defense</u>

Plaintiff's claims are barred in whole or in part by plaintiff's own conduct.

<u>Fifth Defense</u>

Plaintiff's claims are time-barred.

<u>Sixth Defense</u>

Plaintiff's claims are barred in whole or in part because of a failure of

consideration.

<u>Seventh Defense</u>

Defendant Creative Packaging, Inc. is not liable to GE Capital under the personal

property lease because it was named as a party to that transaction by mutual mistake.

The parties to that transaction intended that Creative Paper, Inc. be the lessee, not

Creative Packaging, Inc.

<u>Eighth Defense</u>

Defendants reserve the right to such other and further defenses as they become

apparent in the course of discovery.

WHEREFORE, defendants request that this Court enter judgment in their favor

on all claims and award them such other and further relief as this Court deems

appropriate.

<u>COUNTERCLAIM</u>

For their counterclaim, defendants James E. Hamilton ("Hamilton"), Richard M.

Perlman ("Perlman"), and Creative Packaging, Inc. ("Creative Packaging") (collectively,

"Plaintiffs in Counterclaim") state as follows:

<u>Introduction</u>

1.       This is an action for reformation of contract and for damages for

misrepresentation, breach of contract, breach of the implied covenant of good faith and

fair dealing, intentional interference with advantageous business relations, and violations of Massachusetts General Laws, Chapter 93A.

The Parties

2.      Hamilton is an individual and resides in Bolton, Massachusetts.

3.      Perlman is an individual and resides in Newton, Massachusetts.

4.      Creative Packaging is a corporation organized under the laws of Massachusetts and has its principal place of business in Worcester, Massachusetts.

5.      Defendant in counterclaim, General Electric Capital Corporation ("GE Capital") is a corporation.  On information and belief, GE Capital is organized under the laws of Delaware and has its principal place of business in Connecticut.

Facts

6.      In or about November 1999, Creative Paper, Inc. ("Creative Paper"), Creative Packaging's affiliate, negotiated a loan from Charter Financial, Inc. ("Charter Financial").

7.      GE Capital was a participating lender in this transaction.

8.      Wells Fargo Equipment Financing Corporation ("Wells Fargo") thereafter acquired Charter Financial and managed the loan as fiscal agent until December 2001.

9.      Later, GE Capital succeeded Wells Fargo as manager of the loan.  Wells Fargo and Charter Financial are referred to hereinafter as "GE Capital's predecessor."

10.      GE Capital's predecessor and Creative Paper agreed on the terms of the loan and those terms were set forth in a September 28, 1999 commitment letter (the "Commitment Letter").

11.      Among other terms, GE Capital's predecessor agreed that the interest rate on the loan would be 5 points over the five-year treasury rate, 5.86% per annum as of

9

August 3, 1999, the date and rate reflected in the Commitment Letter.  On the date that

the loan funds were committed, November 15, 1999, the five-year treasury rate was

5.86%, the same rate as was stated in the Commitment Letter.

12.    GE Capital's predecessor prepared a Master Loan and Security Agreement

(the "Note") for the Creative Paper loan.  The Note provided for monthly installment

payments of principal and interest, and stated the amount of those monthly installments.

13.    Creative Paper executed the Note and Plaintiffs in Counterclaim executed

personal guaranties.

14.    The monthly payments provided for in the Note were not based upon the

rate referred to in the Commitment Letter, but were based on a higher rate.

15.    In April 2001, Creative Paper and Creative Packaging suffered a major

business interruption due to the failure of a piece of equipment.

16.    Creative Paper's plant was down for 24 days.

17.    GE Capital's predecessor extended the time for Creative Paper to make

payments on the Note based upon the unexpected mill shut down and resultant adverse

impact on the cash flows at Creative Paper.   GE Capital's predecessor agreed to defer

collection of the April 2001 payment until Creative Paper had received all insurance

proceeds from the insurance claim for the unexpected mill shut down.

18.    Creative Paper resumed its scheduled monthly payments to GE Capital's

predecessor in May 2001.

19.    GE Capital, beginning in late 2001 and repeatedly thereafter, sought to

charge and collect from Creative Paper late fees for periods beginning in 1999.

20.     Creative Paper had complied with its payment obligations under the Note and did not owe late fees.

21.     When Creative Paper refused to pay the requested late fees, GE Capital declared Creative Paper to be in default and threatened to enforce its rights against the property securing the Note.  GE Capital's threats increased in regularity and included demands of Perlman and Hamilton for late fees that Creative Paper did not owe.

22.     GE Capital's repeated and unsupported threats and demands for payment of late fees that were not owed necessitated adverse comment in Created Paper's audited financial statements, thereby adversely impacting Creative Paper's ability to run its business, and finally necessitated that Creative Paper seek protection under the United States Bankruptcy Code, which it did in October 2003.

23.     As a result of GE Capital's actions, Creative Paper and the Plaintiffs in Counterclaim suffered damages.  Among other things, Creative Paper was unable to negotiate favorable financial terms with suppliers as a result of the footnote disclosure of the alleged defaults, and Plaintiffs in Counterclaim suffered financial loss as a result of Creative Paper's bankruptcy.

<u>Claims</u>

<u>COUNT I</u>
<u>REFORMATION OF CONTRACT</u>

24.     Paragraphs 1-23 of this Counterclaim are incorporated by reference.

25.     As a result of GE Capital's predecessor's misrepresentation or the parties' mutual mistake, the Note executed by Creative Paper does not reflect the terms the parties had agreed to concerning the amount of interest to be paid.

26.    Plaintiffs in Counterclaim request that this Court reform the Note so that it reflects the interest obligation the parties actually agreed to.

COUNT II
MISREPRESENTATION

27.    Paragraphs 1-26 of this Counterclaim are incorporated by reference.

28.    GE Capital's predecessor informed Creative Paper and Plaintiffs in Counterclaim that the interest rate provided for in the Note would be calculated as they had previously agreed.

29.    Creative Paper and Plaintiffs in Counterclaim relied on that misrepresentation to their detriment.

30.    Creative Paper and Plaintiffs in Counterclaim were harmed by that misrepresentation.

31.    By reason of the foregoing, GE Capital is liable to the Plaintiffs in Counterclaim for damages.

COUNT III
BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

32.    Paragraphs 1-31 of this Counterclaim are incorporated by reference.

33.    By reason of the foregoing, GE Capital is liable to the Plaintiffs in Counterclaim for breach of the implied covenant of good faith and fair dealing.

COUNT VI
BREACH OF CONTRACT

34.    Paragraphs 1-33 of this Counterclaim are incorporated by reference.

35.    By reason of the foregoing, GE Capital is liable to the Plaintiffs in Counterclaim for breach of contract.

COUNT V
<u>INTENTIONAL INTERFERENCE WITH</u>
<u>ADVANTAGEOUS BUSINESS RELATIONS</u>

36.    Paragraphs 1-35 of this Counterclaim are incorporated by reference.

37.    By threatening to enforce its rights as Creative Paper's secured creditor and attempting to hold Creative Paper in default based on its failure to make payments Creative Paper had no obligation to make, GE Capital intentionally and improperly interfered with Creative Paper's business relationships, including Creative Paper's business relationships with the Plaintiffs in Counterclaim.

38.    Plaintiffs in Counterclaim were harmed as a result of GE Capital's interference.

39.    By reason of the foregoing, GE Capital is liable to the Plaintiffs in Counterclaim for intentional interference with advantageous business relations.

COUNT VI
<u>VIOLATION OF MASS. G.L. C.93A</u>

40.    Paragraphs 1-39 of this Counterclaim are incorporated by reference.

41.    Plaintiffs in Counterclaim are persons engaged in business.

42.    GE Capital's conduct, described above, constitutes unfair and deceptive business practices, in violation of Mass. G.L. c.93A, section 2 and actionable under Mass. G.L. c.93A, section 11.

43.    GE Capital's violations were willful and knowing.

44.    By reason of the foregoing, GE Capital is liable to Plaintiffs in Counterclaim for multiple damages, interest, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiffs in Counterclaim request that this Court enter judgment in their favor on all claims and that the Court reform the Note and award them damages,

multiplied pursuant to Mass. G.L. c.93A, interest, costs, reasonable attorneys' fees, and such other and further relief as this Court deems appropriate.

<u>JURY DEMAND</u>

Hamilton, Perlman and Creative Packaging demand a trial by jury on all issues so triable.

By their attorney,


/s/ David Burgess
David Burgess (BBO No. 553783)
37 Main Streeet
Concord, MA  01742-2529
978.371.1900

Dated:  June 29, 2005