UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br>                     Plaintiff,<br>v.<br>JAMES E. HAMILTON, RICHARD M. PERLMAN, and CREATIVE PACKAGING, INC.<br>                     Defendants. | CIVIL ACTION NO. 03-CV-12429-MLW |

AFFIDAVIT OF DAVID PORTER CONCERNING AMOUNTS
OWED UNDER NOTES AND PROPERTY LEASE

David Porter deposes and states under oath as follows:

1.     I am Acting Chief Financial Officer and Chief Operating Officer of Creative Paper, Inc. and Creative Packaging, Inc., and have been at all times relevant to the issues herein. I submit this affidavit in accordance with this Court's instructions in its June 10, 2005 Scheduling Order and in response to the Second Affidavit of Frank Sorensen.

2.     In its Scheduling Order, the Court ordered defendants to file an affidavit in response to plaintiff's affidavit, identifying which facts are in dispute and providing the amounts the defendants contend are due under the loan guaranties and personal property lease agreement.

3.     This Court has ruled that the defendants will not be permitted to challenge the interest rate used in the loan schedules or to assert as a defense or counterclaim the fact that Creative Paper, Inc.'s bankruptcy was necessitated by and as a direct consequence of GE Capital Corporation's ("GECC") actions, including breach of contract and improper interference with Creative Paper, Inc.'s business operations. The

defendants reserve all of their rights with respect to such defenses and counterclaims, and nothing in this affidavit should be construed in any manner to indicate otherwise.

4. Concerning late fees and interest related to the alleged late or missed payments for April 2001 and August 2003, I incorporate by reference the Affidavit of David Porter in Opposition to Plaintiff's Motion for Summary Judgment and the exhibits attached to that document.

Amount owed under loan schedules

5. Mr. Sorensen states in his most recent affidavit that as of August 1, 2005, $5,631,666.03 is owed on the two loans. This assertion is contradicted by GECC's complaint, by Mr. Sorensen's prior sworn statement in this action, and by GECC's agreement in the Creative Paper, Inc. Bankruptcy Court action.

6. First, GECC avers in paragraph 23 of the Amended Complaint in this action that the balance due under the loans was $4,153,801, as of October 13, 2003. This number is repeated in Mr. Sorensen's affidavit in support of GECC's motion for summary judgment.

7. Interest should be added to that amount in determining the amount owed under the loans, but it should not be in the amounts stated by Mr. Sorensen. Mr. Sorensen's interest calculation is based on a principal amount that includes late fees and interest because of defaults that did not occur. As explained in my affidavit filed in opposition to GECC's summary judgment motion, there was no default in April 2001 or in August 2003.

8. Even if the Court uses Mr. Sorensen's per diem interest numbers ($1,868.79 and $291.76 per day), however, and gives credit for the post-October 13, 2003 payments referred to in Mr. Sorensen's recent affidavit, the total falls short of Mr.

Sorensen's new number by approximately $600,000.  A calculation of this difference, using Mr. Sorensen's own numbers, which we dispute, is attached as Exhibit A to this affidavit.

9. Second, the amount owed under these two loans has been determined in the U.S. Bankruptcy Court, in a proceeding in which GECC was an active participant, to be $4,581,655.60, as of March 29, 2005.

10. This number was not forced on GECC.  GECC agreed that $4,581,655.60 was the correct amount as of March 29, 2005.  This amount was based upon the agreed upon balance of $4,153,801, the addition of interest, and giving credit for interim payments that had been made since the alleged default date of October 13, 2003.

11. A copy of a February 25, 2005 letter from GECC's attorney, confirming that $4,581,655.60 was the correct balance, is attached as Exhibit B hereto.

### Amount owed under the property lease

12. Defendants do not dispute GECC's calculations as to the principal balance due under the property lease, but do dispute the interest related to the period from the date of the Bankruptcy filing.  The primary issue to be tried with respect to the personal property lease is whether it is a financial obligation of defendant Creative Packaging, Inc. or Creative Paper, Inc., and such determination will necessarily impact the validity of and calculation of interest due in addition to the contractual lease payments.

Signed under penalty of perjury this 22nd day of July, 2005,


/S/_____
David Porter