UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,<br><br>   *Plaintiff,*<br><br>  v.<br><br>JAMES E. HAMILTON, RICHARD M. PERLMAN, AND CREATIVE PACKAGING, INC.,<br><br>   *Defendants.* | CIVIL ACTION NO.: 03-CV-12429-MLW |

**JOINT MOTION AND STIPULATION TO SUBMIT
THE ISSUE OF DAMAGES ON THE PAPERS**

Plaintiff General Electric Capital Corporation ("GE Capital") and defendants James E. Hamilton, Richard M. Perlman, and Creative Packaging, Inc. jointly move this Court to decide the issue of fact of damages, as to Counts I, II and III, on the papers as they have been submitted this Court, in the form of the Affidavits of Frank Sorensen and David Porter (the "Affidavits").

The parties submit that the Affidavits present all of the information pertinent to the issue of damages, that the resolution of this matter would not be aided by live testimony or a hearing, and that a hearing would be an inefficient use of the resources of the Court and the parties.

In support of this Motion, and to permit this matter to be fully adjudicated on the papers, the parties stipulate as follows:

1.      In a Memorandum and Order dated June 10, 2005, this Court granted summary judgment in favor of GE Capital on Counts I, II and III of the First Amended Complaint, finding each defendant liable under a Guaranty Agreement.  The Court denied GE Capital's Motion for Summary judgment as to damages on Counts I, II and III. The Court also denied the motion for summary judgment as to Count IV, a breach of contract claim against Creative Packaging, Inc.

2.      The Court subsequently scheduled a hearing for August 15 and 16, to decide the issue of damages as to Counts I, II and III of the Amended Complaint, as well as the remaining issues under Count IV.

3.      By Order dated June 27, 2005, the Court granted GE Capital's Assented-To Motion to Strike The Jury Claim as to Counts I, II and III.

4.      As a result of the Court's allowance of GE Capital's summary judgment motion as to liability, the only issue of fact that remains for trial as to Counts I, II and III, is the issue of GE Capital's damages.  Pursuant to the Court's orders, on June 24, 2005, GE Capital submitted the Second Affidavit of Frank Sorensen (Docket Document No. 32), which explains how GE Capital calculates its damages under Counts I, II and III. Likewise, defendants submitted the Affidavit of David Porter (Docket Document No. 35), detailing defendants' position concerning the amount  GE Capital is owed under the promissory notes.

5.      The parties now wish to submit the issue of fact of damages as to Counts I, II and III on the papers, and to waive their right to a hearing, including the right to cross examination.

6.      The parties stipulate that the Second Affidavit of Frank Sorensen, dated June 24, 2005 (Docket Document No. 32), and the Affidavit of David Porter, dated July 22, 2005 (Docket Document No. 35), may be taken into evidence, as if they were testimony given at trial, and all exhibits to these depositions are admissible.  The relevancy, credibility, and weight of such testimony and documentary evidence are issues for the Court.

7.      In addition, the Court may take into evidence the pertinent testimony and exhibits from the Affidavit of Frank Sorensen, dated March 24, 2004 (Docket Document No. 13), and the Affidavit of David Porter, dated May 21, 2004 (Docket Document No. 20), which were submitted by the parties in connection with GE Capital's Motion for Summary Judgment.  These affidavits and the attached exhibits may be taken into evidence as if they were admitted at trial.  The relevancy, credibility, and weight of such testimony and documentary evidence are issues for the Court.

8.      The parties stipulate that Count IV may be dismissed <u>without</u> prejudice, and the parties will forthwith file a Rule 41 stipulation of dismissal as to Count IV.

9.      The agreement of defendants Hamilton, Perlman and Creative Packaging to submit the issue of damages on the papers is made without prejudice to or waiver of defendants' right to appeal any issues decided by the Court in its June 10, 2005 Memorandum and Order on GE Capital's Motion for Summary Judgment.

10.     In addition to damages, GE Capital claims that the Guaranty Agreements entitle it to its reasonable attorneys fees.  Defendants deny that GE is entitled to attorneys fees.  Thus, once the Court has decided the issue of damages, there would need to be a

hearing concerning whether GE Capital is entitled to attorneys fees and, if so, in what amount.

## CONCLUSION

FOR THESE REASONS, and based on the Stipulations made above, the parties ask this Court to resolve the issue of fact of damages, as to Counts I, II and III, on the Affidavits of Frank Sorensen and David Porter.

Respectfully submitted,

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION | JAMES E. HAMILTON, RICHARD M. PERLMAN, and CREATIVE PACKAGING, INC. |
| By its attorneys, | By their attorney, |
| /s/ C. Dylan Sanders<br>C. Dylan Sanders (BBO #630668)<br>DLA PIPER RUDNICK GRAY CARY US LLP<br>One International Place, 21st Floor<br>100 Oliver Street<br>Boston, MA  02110-2613<br>(617) 406-6000 (*telephone*)<br>(617) 406-6100 (*fax*) | /s/ David Burgess<br>David Burgess (BBO #553783)<br>DAVID BURGESS & ASSOCIATES<br>37 Main Street<br>Concord, MA  01742-2529<br>(978) 371-1900 (*telephone*)<br>(978) 371-1144 (*fax*) |

Dated:  August 10, 2005