UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                          |
                                                |
**CREATIVE PAPER, INC**.,                       |     Case No. 03-45891-HJB
                                                |     Chapter 11
                            Debtor              |
                                                |
_____|

## ORDER CONFIRMING DEBTOR'S THIRD PLAN OF REORGANIZATION

Pursuant to the final plan and disclosure statement filed by Creative Paper, Inc. (the "Debtor"), and after notice having been transmitted to all creditors, equity security holders, parties in interest and other persons entitled to notice in accordance with Bankruptcy Rules 2002 and 3017; and after having reviewed the plan, the showing made by parties who attended the confirmation hearing on March 29, 2005,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.  The Third Plan of Reorganization filed on January 28, 2005 (the "Plan"), which is incorporated herein by reference, complies with the applicable provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1330.

2.  The proponent of the Plan complies with the applicable provisions of section 1129.

3.  The Plan has been proposed in good faith and not by any means forbidden by law.

4.  Any payment made or promised by the Debtor or by any person issuing securities or acquiring property under the Plan, for services or costs and expenses in the case or in connection with the case, or in connection with the Plan and incident to this case, has been approved by, or is subject to the approval of, the Court as reasonable.

5.  The Debtor has disclosed the identity and affiliations of any individual proposed to serve after confirmation of the Plan, as a director, officer, or voting trustee of the reorganized Debtor, an affiliate of the Debtor participating in the Plan with the Debtor, or a successor to the Debtor under the Plan and the identity of any insider that will be employed or retained by the reorganized Debtor, and the nature of compensation for such insider.

6.  The Debtor has complied with and the Plan complies with Section 1129(a)(6) of the Bankruptcy Code because no governmental regulatory commission sets rates for Debtor.

7.  With respect to each impaired class of claims or interest of such class, being classes 1 through 10, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7.

8.  The Certificate of Vote attached as Exhibit A hereto discloses those classes that have accepted the Plan. With respect to classes in which no acceptances or rejections for such class have been voted, such class is deemed to have accepted the Plan.  In re Ruti-Sweetwater, 836 F.2d 1263, 1267-1268 (10th Cir. 1988).

9.  Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that, with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of the Bankruptcy Code, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

10.  With respect to a claim of a kind specified in section 507(a)(8) of the Bankruptcy Code, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim.

12.  If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan, being classes 6 and 7, has accepted the Plan, determined without including any acceptance of the Plan by an insider.

13.  Confirmation of this Plan is not likely to be followed by liquidation, or the need for further financial reorganization, of this debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

14.  All fees due and all quarterly fees payable to the United States Trustee have been paid as of the confirmation date.

15.   Section 1129(a)(13) is not applicable to the Plan for the reason that the Debtors do not pay any retiree benefits, as that term is defined in section 1114 of the Bankruptcy Code.

16.  The Plan is hereby determined to be fair and equitable and does not discriminate unfairly with regard to any class of claims or interests that is impaired under, and has not accepted, the Plan.

17.  There are no other plans that have been proposed in this case.

18.  The Plan is hereby confirmed.

19.  The provisions of the Plan are hereby made binding upon the Debtor and any creditor or equity security holder of the debtor whether the claim or interest of such creditor or equity security holder is impaired under the Plan and whether such creditor or equity security holder has accepted the Plan.

20.  Except as otherwise provided herein or in the Plan, and effective as of the Effective Date of the Plan, in accordance with section 1141(d) of the Code, the Debtor is hereby discharged of and from any and all debts and claims that arose against it before the date of entry of this order, including, without limitation, any debt or claim or a kind specified in sections 502(g), 502(h) or 502(i) of the Code, whether or not (i) a proof of claim based on such debt is filed or deemed filed

under section 501 of the Code, (ii) such claim is allowed under section 502 of the Bankruptcy Code, or (iii) the holder of such claim has accepted the Plan.

21.  Except as otherwise provided herein or in the Plan, and effective as of the Effective Date of the Plan, in accordance with sections 1141(b) and 1141(c) of the Code, all property of the Debtor's estate and all property dealt with by the Plan is hereby vested in the Debtor free and clear of all claims and interest of creditors and equity security holders of the Debtor.

22.  Except as provided in the Plan, and subject only to the occurrence of the Effective Date of the Plan, any judgment at any time obtained, to the extent that such judgment is determination of the liability of the Debtor with respect to any debt or claim discharged hereunder, is hereby rendered null and void.

23.  Effective as of the Effective Date of the Plan, the commencement or continuation of any action, the employment of process or any act to collect, recover or offset any claim discharged or interest terminated hereunder is hereby permanently enjoined, stayed and restrained.

24.  The Debtor shall have the right to make objections to any claim or interest, unless prohibited by the Plan, by filing with the Court and serving a copy of each such objection and a notice of hearing on such objection upon the holder of such claim or interest no later than sixty (60) days after the entry of this order.

25.  Any claim for damages arising from the rejection of any executory contract or unexpired lease pursuant to the Plan shall be forever barred unless a proof of claim therefor in proper form is filed with the Court within thirty (30) days after the later of the date of entry of (i) an order by the Court approving the rejection of such executory contract or unexpired lease or (ii) this order.

26.  All additional applications or requests for compensation or the reimbursement of any expenses or costs incurred by any professionals retained with Court approval in this Chapter 11 case, or fees and expenses by any party in interest must be filed with the Court, with a copy thereof served on counsel for the Debtor and the U.S. Trustee on or before thirty days from the date of entry of this order.

27.  On or before a date that is five (5) business days after the date of entry of this order, pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors shall mail to all known holders of claims and interest, notice of the entry of this order and shall serve a copy of this order upon the United States Trustee and all parties entitled to notice pursuant to the Bankruptcy Code. Service of such notice and this order shall be sufficient and complete notice of all matters addressed in this order, including all bar dates set forth herein for the filing of claims, applications and requests for payment and objections, and no further notice with regard to any such matters shall be required.

28.  The Court shall retain exclusive jurisdiction for the following purposes:

(a)     To hear and determine objections to claims;

(b)     To hear and determine any dispute arising under the Plan, its implementation and execution of any necessary documents thereunder, and any requests to amend, modify or correct the Plan, provided such matters are brought before the Court prior to the point of substantial consummation;

(c)     To grant extension of any deadlines set forth in this order as may be appropriate;

(d)     To enforce all discharge provisions under the Plan; and

(e)     To consider and rule upon requests for final compensation.

The Debtor shall be permitted to file a motion requesting additional retention of jurisdiction for specific matters within sixty (60) days of the date of this order. Any such further retention of jurisdiction granted by the Court shall be provided for in a supplementary order on such motion.

37.  The motion to modify the Plan with respect to Class 6, Claims of Precision Plant Services, Inc. is hereby approved.

38.  The Debtor shall file an application for final decree within 120 days of the date of this order.

DONE and ORDERED this 29th day of March, 2005 at Worcester, Massachusetts.

BY THE COURT:

Henry J. Boroff,
Bankruptcy Judge