UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,<br><br>   *Plaintiff,*<br><br>   v.<br><br>JAMES E. HAMILTON, RICHARD M. PERLMAN, AND CREATIVE PACKAGING, INC.,<br><br>   *Defendants.* | CIVIL ACTION NO.:  03-CV-12429-MLW |

**SUBMISSION BY GENERAL ELECTRIC CAPITAL CORPORATION
IN RESPONSE TO THE COURT'S ORDER OF OCTOBER 6, 2005**

Pursuant to this Court's order dated October 6, 2005 and in response to the submission by defendants James E. Hamilton, Richard M. Perlman, and Creative Packaging, Inc., plaintiff General Electric Capital Corporation ("GE Capital") states the following:

1. Plaintiff GE Capital submits that its damages are properly calculated, with great detail and support, in the Second Affidavit of Frank Sorensen ("Second Sorensen Affidavit").

2. Defendants have not pointed to any particular error in the methodology or calculation of GE Capital's damages reflected in the Second Sorensen Affidavit. Rather, defendants suggest that GE Capital has made contradictory statements in its pleadings, and that the U.S. Bankruptcy Court in Chapter 7 proceedings concerning Creative Paper,

Inc. has "determined" the amount of GE Capital's damages as of March 29, 2005, at $4,581,655.60.

3.   As the Court can see from the defendants' recent submission, the Bankruptcy Court has not "determined" or made findings concerning GE Capital's damages.  Rather, the Bankruptcy Court has <u>confirmed</u> a Third Plan of Reorganization (the "Plan").  That confirmed Plan is the product of negotiations among Creative Paper, Inc. and its creditors, including GE Capital.  It does not reflect judicial findings about GE Capital's damages.  There has been no such judicial determination.

4.   GE Capital has not made contradictory statements about its damages in pleadings or prior submissions to this court.  The Complaint and GE Capital's other prior submissions stated good faith estimates of GE Capital's damages, and those damages figures were described as approximations.  The Second Sorensen Affidavit was GE Capital's first submission that calculated GE Capital's damages in detail; before that time there was no cause for GE Capital to calculate its damages in detail.

5.   Again, defendants have not articulated any error or mistakes in either the methodology or the calculations used to calculate GE Capital's damages, as detailed in the Second Sorensen Affidavit.  Defendants do maintain that they should not be penalized for missing April 2001 and an August 2003 payment, for which GE Capital claims damages in the amount of $53,568 and $149,300.87.  Even if the Court were to adopt defendants' contention, it would mean a reduction in damages of only $202,868.87, as separately calculated at <u>Tab A</u> of the Second Sorensen Affidavit.

6. Even if the missing April 2001 and August 2003 payments and the resulting late charges and interest are removed from the damages calculation, it would not alter the other components of GE Capital's damages, which are the following:

| **Damages Component** | **Amount** | **Source in Second Sorensen Affidavit** |
|---|---|---|
| Missing September 2003 payment, plus interest | $170,692.31 | Tab A |
| Present Value of Future Installments Discounted as of 10/13/03, Plus Interest, for Loan 01 | $5,019,164.97 | Tabs B, C |
| Present Value of Future Installments Discounted as of 10/13/03, Plus Interest, for Loan 02 | $783,609 | Tabs B, D |
| **\*Additional Interest accrued between August 1 (date of the calculations in the Second Sorensen Affidavit) and Nov. 1, 2005** | $198,770 | ($1868.79+$291.76)*92 days. *See* Tab B. |
| Payments Made By Creative Paper | ($170,670) ($374,000) | Tab E |
| **\*Additional Payments Made By Creative Paper Since The Second Sorensen Affidavit** | ($64,000) (Aug. 20) ($64,000) (Sept. 20) ($64,000) (Oct. 20) | |
| Total Damages as of Nov. 1, minus damages arising from missing April 2001 payment and August 2003 payment | **$5,435,626.28** | Tab E |

None of these damages totaled above are dependent on the defaults which defendants claim did not occur. They are all calculated in accordance with the Master Loan Agreement. (*The bolded components above reflect the change in circumstances from August 1, 2005, the date of calculation used in the Second Sorensen Affidavit, and November 1, 2005. In that period, additional interest has accumulated, and Creative Paper has made three additional payments.)

3

       Respectfully submitted,

       GENERAL ELECTRIC CAPITAL
       CORPORATION

       By its attorneys,

       /s/  Dylan Sanders_____
       C. Dylan Sanders (BBO #630668)
       DLA PIPER RUDNICK GRAY CARY US LLP
       One International Place, 21st Floor
       100 Oliver Street
       Boston, MA  02110-2613
       (617) 406-6000 (*telephone*)
       (617) 406-6100 (*fax*)

Dated:  October 21, 2005

~BOST1:386099.v2  |10/21/05
22820207-7017